## Commonwealth ex rel. Phelps *v.* Phelps, Appellant.

Argued October 7, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Alton Floyd Vosburg* and *Alton A. Vosburg,* of *Vosburg & Vosburg,* with them *J. Melvin Kelly,* for appellant.

*Walter L. Hill, Jr.,* of *O'Malley, Hill, Harris & Harris,* for appellee.

OPINION BY KENWORTHEY, J., January 27, 1944:

As in *Com. ex rel. Esenwein v. Esenwein,* 348 Pa.

455 the present proceeding to terminate an order for support is based upon a Nevada divorce decree obtained by substituted service in May 1938 and was encouraged by the recent decision of the Supreme Court of the United States in *Williams v. State of North Carolina,* 317 U. S. 287, 63 S. Ct. 207. In the *Esenwein* case, it was held that, where a husband left Pennsylvania, took up a residence in a Nevada hotel for the few weeks required by the law of that state and, immediately after obtaining a divorce decree, left Nevada to establish permanent residence in Ohio, the burden of disproving the *bona fides* of the Nevada domicil was, *prima facie,* met and, in the absence of evidence of domiciliary intent, the courts of this commonwealth would not give full faith and credit to the decree. That case rules the present one.

Appellant, a Pennsylvania domiciliary, went to Reno, Nevada, February 14, 1938, and engaged a room in a rooming house. He filed his complaint in divorce on March 29, 1938. At the hearing on May 24, 1938, he testified he had resided there continuously with the exception that in April he had made a trip east "to try and get my wife to sign a power of attorney," in which he was unsuccessful. The decree was filed on May 24, 1938 and he left Nevada immediately afterwards, arriving at his home in Susquehanna County on May 30, 1938.

Appellant did not even testify in the Nevada proceeding, as Esenwein did, that he intended to remain permanently. On the contrary, he commenced another divorce action in Susquehanna County on September 16, 1939 and in it testified that he had lived there continuously for twenty-five years, although on cross examination he said that he had "established a residence in Reno, Nevada, in 1938," but had given it up and returned to Pennsylvania on May 30, of that year. On May 29, 1942, the court of common pleas of Susquehanna County

refused to grant him a divorce and from that order no appeal was taken.

For the reasons expressed in the *Esenwein* case, the *Williams* case does not afford appellant relief because the Nevada court had no jurisdiction.

The order is affirmed at appellant's cost.